**Entered on Docket**
**January 08, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: January 08, 2010**

```
_____
       LESLIE TCHAIKOVSKY
       U.S. Bankruptcy Judge
_____
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 09-41608 TK
                                                   Chapter 7
REBECCA LOUISE ALCON,

            Debtor.
_____/

**MEMORANDUM OF DECISION RE REQUEST FOR DISGORGEMENT**

The above-captioned debtor (the "Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on March 2, 2009. David C. Winton ("Winton") signed the petition as her bankruptcy counsel and assisted her in connection with the case. Schedules of Assets and Liabilities and a Statement of Financial Affairs (the "SOFA") were filed with the petition. Schedule I stated that the Debtor was self-employed by an entity entitled Sky Scenes, Inc. Schedule B did not disclose any interest in a corporation or other business association. The question with regard to payments to an attorney for counseling in connection with a bankruptcy was not filled in, and no fee disclosure statement was filed by Winton. No transfers outside the ordinary course of business within one year were disclosed in the SOFA.

On March 24, 2009, the chapter 7 trustee (the "Trustee") filed an application to employ Stromsheim & Associates ("Stromsheim") as counsel for the Trustee to investigate and recover, if appropriate, undisclosed property of the estate. An order granting the application was filed on March 31, 2009. In the meantime, on March 26, 2009, the Debtor filed a motion to shorten time on a motion to dismiss the chapter 7 case. The motion to dismiss was not filed until March 30, 2009.

The motion to shorten time stated that the Trustee had frozen the assets of the corporation owned by the Debtor and her nondebtor spouse, causing the corporation to bounce checks. Since the Debtor and her family depended on the revenues of the corporation for their livelihood, the Trustee's action was making it impossible for them to meet their current obligations to creditors.

The Trustee filed an opposition to the motion to shorten time. In the opposition, the Trustee noted that, among other things, the Debtor had failed to list any interest in the corporation by which she was self-employed. As a result, a request for production of documents was sent to Winton, including a request for documents relating to any bank accounts on which the Debtor had signature authority. The documents revealed a bank account for an entity entitled Sky Scenes, LLC containing $32,570.40. The Trustee contacted the bank and froze the account to prevent the dissipation of the funds.

Under the circumstances, the Trustee asserted that shortened time on the motion to dismiss was inappropriate. Notwithstanding the

2

opposition, the Court shortenened time somewhat and set the hearing for April 9, 2009.

In the motion to dismiss, the Debtor corrected the statement, made in the motion to shorten time, that the Trustee had frozen the bank account of a corporation owned by the Debtor and her nondebtor spouse. She explained that the entity whose bank account was frozen--the LLC--was a different entity from the corporation and had been established by her nondebtor spouse just prior to marriage with his separate property. She had no interest in that entity and thus the estate had no interest in it. Evidence of these facts was provided to the Trustee on March 31, 2009, and the Trustee released the hold on the account the same day.

On April 4, 2009, the Debtor filed an amended SOFA, disclosing, among other things, that she had paid Winton $2,300 for his services and that, within one year of the filing, she had used approximately $38,000 from her 401(k) retirement account to purchase an airplane for her husband. On April 7, 2009, the Trustee filed a limited opposition to the motion to dismiss. In the opposition, the Trustee stated that he would not oppose dismissal, since there were currently no unsecured creditors, as long as the administrative costs were paid by the Debtor. The Trustee requested $1,050 for himself and $2,000 for his counsel.

A hearing on the motion to dismiss was conducted on April 9, 2009. At the conclusion of the hearing, the Court granted the motion to dismiss, retaining jurisdiction to determine the request for payment of the administrative costs. A post-hearing briefing

3

schedule was established. Both parties filed post-hearing briefs. In the Trustee's post-hearing brief, the Trustee sought payment of the administrative costs from Winton, not from the Debtor. The Trustee contended that the filing of the case--at the very least, the timing of the filing--was ill advised. The Trustee also contended it was the various omissions, ambiguities, and misstatements in the documents prepared by Winton that led to the Trustee's having frozen a bank account for an entity not owned by the Debtor.

To the contrary, Winton asserted that the problems were caused by the Trustee not having done his job properly: i.e., not having asked the right questions to ferret out the correct information. With respect to his failure to list the Debtor's purchase of the airplane for her spouse, Winton explained that he had concluded that, because the purchase price came from exempt funds, the transfer could not be relevant to the bankruptcy filing. Winton admitted not being a bankruptcy specialist and indicated his intention to cease doing any bankruptcy work in the future.

The Court concludes that Winton was principally responsible for the events described above and that he should be required to disgorge his fees to pay the administrative costs. The Court does not believe that there is any legal basis for the payment of fees to the Trustee. Thus, the disgorgement order will be limited to $2,000, to be paid to Stromsheim. The Court finds this sum reasonable given the work described.

As a nonbankruptcy specialist, Winton is apparently unaware of one of the fundamental principles in representing debtors in

4

bankruptcy cases: i.e., disclosure, disclosure, disclosure. It was Winton's job, not the Trustee's, to make it clear that there were two entities, one in which the Debtor owned an interest and one in which the Debtor did not. It appears that Winton himself did not understand that there were two entities with similar names. As stated above, in the motion to shorten time, he asserted that the Trustee had frozen the account of a corporation owned by the Debtor and her nondebtor spouse. Yet he had ready access to the Debtor who could have clarified this ambiguity. The Trustee did not.

Winton's rationale for not listing the purchase of the airplane reflects a similar misunderstanding of the duty of a debtor's counsel. The law is clear that even the pre-petition transfer of exempt property may qualify as a fraudulent transfer. Moreover, when the literal words of the question call for certain information, it is inappropriate for a debtor's attorney to decide that the information need not be disclosed. The information must be provided with whatever qualifying statement may be desired.

The Trustee's request for disgorgement is granted to the extent of $2,000. Counsel for the Trustee is directed to submit a proposed form of order in accordance with the Court's decision.

END OF DOCUMENT

5

COURT SERVICE LIST

David C. Winton
Law Offices of David C. Winton
936-B 7th St. #345
Novato, CA 94547

Trustee
John Kendall
2601 Blanding Ave.
Bldg #C Suite 110
Alameda, CA 94501

Reidun Stromsheim
Law Offices of Stromsheim and Assoc.
201 California St. #350
San Francisco, CA 94111